|  |  |
|---|---|
| UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| JAMES H. ARATA, <br>     Plaintiff, <br>   v. <br> CITY OF SEATTLE, *et.al*, <br>     Defendants. | Case No. C10-1551RSL <br><br> ORDER OF REMAND |

This matter comes before the Court on plaintiff's "Motion to Amend Complaint and Remand Case to Superior Court" (Dkt. # 7), defendant McLean's "Special Motion to Strike the Complaint Pursuant to RCW 4.24.525" (Dkt. # 10), and the City defendants' "Motion to Strike Declaration of Plaintiff" (Dkt. # 25). Having reviewed the pleadings, memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff seeks leave to amend his complaint to drop claims asserted against nine individuals and to dismiss certain causes of action. Although plaintiff is sure that his original allegations will be borne out in discovery, plaintiff would prefer to dismiss his claims against the individual defendants rather than risk an award of fees or statutory penalties under Washington's anti-SLAPP provisions, RCW 4.24.500 *et seq*.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend] when justice so requires." There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing

ORDER OF REMAND

party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).[1] Defendant McLean argues that plaintiff's proposed amendment is for an improper purpose in that plaintiff hopes to avoid anti-SLAPP sanctions by dismissing his claims against the individual defendants. It is not clear why such a motive would be improper, however, much less in bad faith. The anti-SLAPP law was amended just before plaintiff filed this lawsuit. As soon as the import of the new provisions was brought to his attention, plaintiff moved to dismiss the potentially offending claims. Such a dismissal at the very beginning of this case would serve the interests of the anti-SLAPP statute by resolving claims that are arguably based on defendants' protected activities expeditiously and without discovery. See Verizon Del., Inc. v. Covad Comm. Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

      McLean further argues that plaintiff's proposed amendment is in bad faith because plaintiff seeks dismissal without prejudice in the hopes that discovery will ultimately allow him to reassert these claims under the standard set forth in RCW 4.24.525(4)(b). The Court is not willing to presume bad faith in this context: the statute allows certain claims based on protected speech and/or petition activities, and plaintiff's desire to keep that option open is neither unauthorized nor wrongful. The Court is, however, concerned that a dismissal without prejudice in this case would unfairly injure the individual defendants. Federal Rule of Civil Procedure 1 states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Granting the requested relief would result in the dismissal of McLean and the others from this case and a remand to state court. Discovery would then proceed without their participation. If plaintiff were then to reassert his claims, McLean and the other individual defendants would be forced to defend a suit in which they had not been participating and McLean would again incur the fees and costs necessary to remove this action and seek protection under the anti-SLAPP statute. Such an outcome would be antithetical to the

---

[1] The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

ORDER OF REMAND                            -2-

purposes of the anti-SLAPP statute and would be inefficient and unjust.

Finally, McLean argues that plaintiff has already violated the anti-SLAPP statute and that she is therefore entitled to an award of fees and costs incurred prior to amendment and/or an award of statutory sanctions under RCW 4.24.525(6)(a)(ii).  In essence, McLean requests that the Court refuse to grant leave to amend until the lawfulness of the original complaint is determined under RCW 4.25.500 *et seq*.  The Ninth Circuit has determined, however, that where a federal litigant has requested leave to amend his complaint, Rule 15(a)'s policy favoring liberal amendment is not overcome simply because an anti-SLAPP motion is pending.  Verizon Del., 377 F.3d at 1091.  The Court is to conduct its analysis of defendant's anti-SLAPP motion with respect to the amended complaint, not plaintiff's original pleading.  Because the proposed amended complaint asserts no claims against defendant McLean, her anti-SLAPP motion fails as to that pleading.  No fees or sanctions will be awarded.

All defendants have objected to the Declaration of James H. Arata (Dkt. # 18-1), and defendant McLean has objected to the companion Declaration of John C. Powers (Dkt. # 18-2).  Because plaintiff will be permitted to amend his complaint, the Court did not have to determine whether the original claims were based on "an action involving public participation and petition" (RCW 4.24.525(2)) or whether plaintiff could establish "by clear and convincing evidence a probability of prevailing" on his claims against the individual defendants (RCW 4.24.525(4)(b)).  Thus, the proffered declarations are irrelevant to any issue determined by the Court.  In addition, the majority of the statements contained in the declarations are not based on the personal knowledge of the declarant and constitute inadmissible hearsay.  Plaintiff acknowledges as much, stating that his declaration is "based on informed oral statements given him by multiple officers from the Seattle Policy Department ("SPD") and FBI, documentary evidence in the form of emails, OPA files, memos, FBI statements, personal experience, and Plaintiff Arata's processing of all of these things through his highly trained police filter." Response (Dkt. # 28) at 4.  Defendants' requests to strike these declarations are well-grounded.

ORDER OF REMAND                              -3-

For all of the foregoing reasons, plaintiff's motion to amend and remand is GRANTED. The claims asserted against defendants Pierce, Low, Hay, Magan, McLean, Rainford, Hockett, Pailca, and Olsen are hereby DISMISSED with prejudice. Defendant McLean's motion to strike pursuant to RCW 4.24.525 is DENIED. Defendants' requests to strike the declarations of Arata and Powers are GRANTED.

The Clerk of Court is directed to seal the Declaration of James H. Arata (Dkt. # 18-1) and the companion Declaration of John C. Powers (Dkt. # 18-2). The Clerk of the Court is further directed to transmit the file regarding C10-1551RSL to the Superior Court of the State of Washington in and for the County of King.

Dated this 25th day of January, 2011.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge